UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN DOE,

        Plaintiff,

v.

COUNTY OF SONOMA, et al.,

        Defendants.

Case No. 16-cv-05195-JD

**ORDER RE MOTIONS TO DISMISS**

Re: Dkt. Nos. 49, 56

Pro se plaintiff John Doe, who is suing under a pseudonym, has alleged a number of civil rights violations related to an involuntary detention in a psychiatric hospital under the Lanterman-Petris-Short Act, Cal. Welf. & Inst. Code, § 5000 *et seq*. (the "LPS Act"). Dkt. No. 1. This order resolves defendants' motions to dismiss under Rules 12(b)(1) and 12(b)(6). Dkt. Nos. 49, 56. The Court found the motions suitable for decision on the papers pursuant to Civil Local Rule 7-1(b). Dkt. No. 62. The complaint is dismissed.

## BACKGROUND

The LPS Act governs California's involuntary commitment procedures. A designated facility may detain a person for up to 72 hours for "treatment and evaluation" if there is "probable cause" to believe that the person, "as a result of mental disorder, is a danger to others, or to himself or herself, or gravely disabled." Cal. Welf. & Inst. Code § 5150. The detention may be extended for up to fourteen days for "intensive treatment" upon a subsequent evaluation and certification. *Id.* § 5250. A patient can challenge an involuntary commitment in a certification review hearing, and then in court on a writ of habeas corpus. *Id.* §§ 5256, 5275; *see generally People v. Triplett*, 144 Cal. App. 3d 283, 286 (Ct. App. 1983).

In the complaint, Doe acknowledges that he was involuntarily hospitalized in December 2015 under the LPS Act in response to reports that he suffered from schizophrenia and had threatened "suicide by cop." Dkt. No 1 ¶¶ 2-8. Doe says the reports were anonymous "hearsay" and did not amount to "probable cause" or other grounds for commitment. *Id*. Doe asked for and got a certification hearing, and the hearing officer found probable cause. *Id*. ¶ 5. Doe then asked for judicial review in a habeas proceeding and was provided with the forms needed to start that process. *Id*. ¶ 6. Doe gave a completed form to a hospital employee, who logged it in his medical chart and advised the Sonoma County Patient Advocate's Office of Doe's habeas request. *Id*. Doe says the writ form was never filed in California superior court, which denied him his right to judicial review. *Id*. ¶ 7. Doe was discharged from the hospital after approximately eight days of commitment.

Doe has alleged a number of state and federal claims arising from these events against the County of Sonoma, and its employees and Department of Health Services, the State of California, and the California Department of Justice and Attorney General. The federal claims are brought under 42 U.S.C. § 1983 and essentially allege that the involuntary commitment deprived Doe of his Fourth Amendment right to be free of an unreasonable seizure and his Fifth Amendment right to due process. He seeks damages, injunctive relief, and a declaration that the LPS Act is unconstitutional. Doe also mentions a limitation on his ability to possess firearms, but has not alleged a specific claim for relief on that circumstance.

After Doe filed this case, he brought another lawsuit over the same incident against Danielle Santos, who Doe says was in charge of the medical facility where he was evaluated. *Doe v. Santos*, No. 3:17-cv-06945, Dkt. No. 1 ("Santos Complaint"). Doe alleges three claims against Santos for negligence, false imprisonment, and an unspecified constitutional violation under Section 1983, and a claim against Sonoma County for failing to properly train Santos. *Id.* ¶ 8. In effect, Doe has simply added another defendant to this case, and another claim against the county. In light of Doe's pro se status, the Court will treat the Santos complaint as an amendment of the complaint here. The Santos case will be closed administratively for that reason. Doe and the other parties are directed not to file any pleadings or other documents in the Santos case.

**LEGAL STANDARDS**

To satisfy the pleading requirements of Rule 8(a) and Rule 12(b)(6), a claim must provide "a short and plain statement . . . showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), including "enough facts to state a claim . . . that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if, accepting all factual allegations as true and construing them in the light most favorable to the plaintiff, a court can reasonably infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court will not treat as fact or accept as true allegations that are bare legal conclusions, recitations of elements or unwarranted deductions. *Id*. The plausibility analysis is "context-specific" and not only invites but "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Review is limited to the contents of the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). The Court liberally construes Doe's pleadings as a pro se plaintiff. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

**DISCUSSION**

**I. THE CALIFORNIA STATE DEFENDANTS**

For the California state defendants, including the Attorney General, who is sued in his official capacity, the Eleventh Amendment bars Doe's claims for monetary damages under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66, 71 (1989). In addition, these defendants are not "persons" within the meaning of Section 1983, except when sued for prospective injunctive relief. *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). This small window does not save the claims against the state entities because Doe sued over an eight-day event that began and ended in 2015, and has not plausibly alleged facts indicating that prospective injunctive relief may be appropriate. The complaint also does not allege any facts showing that the Attorney General or any other state actor was meaningfully connected to the claims and events alleged in the complaint. *See Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris,* 729 F.3d 937, 943 (9th Cir. 2013). Consequently, the California state defendants are dismissed with prejudice as no amendment would surmount these barriers.

## II. THE SONOMA COUNTY DEFENDANTS

The claims against the Sonoma County defendants are also dismissed. These local government defendants, which again include individuals sued in their official capacities, may be liable under Section 1983 only "when execution of a government's policy or custom . . . inflicts the injury." *Los Angeles Cty., Cal. v. Humphries,* 562 U.S. 29, 452 (2010) (quoting *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978)). *See also Doe v. Sempervirens Mental Health Facility*, No. 14-CV-00816-JD, 2015 WL 4238242, at *3 (N.D. Cal. July 13, 2015), *aff'd,* 697 F. App'x 515 (9th Cir. 2017). The key concept here is the presentation of facts sufficient to plausibly allege the existence of a pattern, practice or custom, because Section 1983 liability may not be predicated on a single incident or a few sporadic events. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

This well-settled principle spells the end of Doe's claims against the county defendants. He alleges at most a single, short-term incident affecting him in 2015. He does not allege anything close to a pattern or practice that might be sufficient for a Section 1983 claim to go forward against the local government entities.

So too for the claim in the Santos Complaint with respect to failure to train. "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train" and a "pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 61-62 (2011). Doe again does not allege facts showing a pattern of violations attributable to training failures.

Unlike the state defendants, the Court cannot say at this stage that further amendment would be futile. Consequently, the claims against the county defendants are dismissed with leave to amend.

## III. CONSTITUTIONALITY OF THE LPS ACT

Although not crystal clear in the complaint, Doe appears to challenge the LPA Act as unconstitutional. The gravamen of the challenge appears to be that the LPS Act violates due process by requiring patients to take an "affirmative action" to pursue the certification review

4

hearing or file a habeas writ. *See* Dkt. No. 1 ¶ 19. Doe also says the statute is unconstitutional because it stigmatizes patients as mentally ill "at large in society." *Id.* ¶ 23.

Neither of these theories plausibly alleges a deprivation of due process. In light of the due process Doe acknowledges he received in the form of the certification hearing, the availability of a writ application, and the outreach to a patient advocate on his belief, the Court is doubtful that amendment would yield a cognizable constitutional challenge on due process grounds. Even so, the claim is dismissed with leave to amend.

## IV. STATE LAW CLAIMS

The Court declines to exercise supplemental jurisdiction over Doe's state law claims pending a plausible Section 1983 claim, which is the putative basis of the Court's jurisdiction. 28 U.S.C. § 1367(c)(3).

## CONCLUSION

The complaint is dismissed. Doe has leave to file an amended complaint on the claims against the county defendants, and the constitutionality of the LPS Act. No new claims or parties may be added. If Doe wants to amend, he must file the amended complaint by October 18, 2019. If he does not do so, the case will be dismissed with prejudice under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 18, 2019

JAMES DONATO
United States District Judge

5

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

JOHN DOE,

      Plaintiff,

  v.

COUNTY OF SONOMA, et al.,

      Defendants.

Case No. 16-cv-05195-JD

**CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on September 18, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Doe
4360 Stony Point Road
Santa Rosa, CA 95407

Dated: September 18, 2019

                                  Susan Y. Soong
                                  Clerk, United States District Court

                                  By:_____
                                  LISA R. CLARK, Deputy Clerk to the
                                  Honorable JAMES DONATO