United States District Court
Northern District of California

1
2
3
4  UNITED STATES DISTRICT COURT
5  NORTHERN DISTRICT OF CALIFORNIA
6
7  JOHN DOE,
                                                Case No. 16-cv-05195-JD
8            Plaintiff,
9      v.                                       **ORDER**
                                                Re: Dkt. No. 70
10 COUNTY OF SONOMA et al.,
11           Defendants.

The parties' familiarity with the record is assumed. Pro se plaintiff John Doe's complaint was dismissed with leave to amend the federal claims alleged against the Sonoma County defendants. Dkt. No. 67. Doe timely filed an amended complaint. Dkt. No. 68. The Sonoma County defendants have moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Dkt. No. 70. The Court found the motion suitable for a decision on the papers pursuant to Civil Local Rule 7-1(b). Dkt. No. 73. Dismissal is granted.

The amended complaint is essentially identical to the original complaint that did not allege a cognizable federal claim against the county defendants. Doe did not add any new facts to plausibly show that the county defendants acted pursuant to a pattern, practice or policy sufficient to state a Section 1983 claim. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Consequently, the federal claims in the amended complaint cannot go forward. In the absence of a viable federal claim, the Court declines to exercise supplemental jurisdiction over Doe's state law claims. *See* 28 U.S.C. § 1367(c)(3).

The only remaining issue is whether leave to amend should be granted again. Doe says that he can add allegations showing that he was detained without probable cause. Dkt. No. 71 at

7. But that would not help to establish a pattern or practice for Section 1983 purposes, and in any event it is not clear why Doe didn't include those allegations in the pending amended complaint. Consequently, even with an extra measure of liberality afforded to Doe as a pro se litigant, the Court concludes that further amendment would be futile, and so the federal claims are dismissed with prejudice. *See Nguyen Gardner v. Chevron Capital Corp.*, No. 15-CV-01514-JD, 2016 WL 7888025, at *2 (N.D. Cal. July 19, 2016), *aff'd*, 715 F. App'x 737 (9th Cir. 2018). The state law claims are dismissed without prejudice, and Doe is free to bring them in California state court. *See Doe v. Sempervirens Mental Health Facility*, No. 14-CV-00816-JD, 2015 WL 4238242, at *5 (N.D. Cal. July 13, 2015) (quoting *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999)).

**IT IS SO ORDERED.**

Dated: December 20, 2019

JAMES DONATO
United States District Judge