UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN DOE,

    Plaintiff,

v.

COUNTY OF SONOMA, et al.,

    Defendants.

Case No. 16-cv-05195-JD

**ORDER RE MOTION TO DISMISS**

Pro se plaintiff John Doe alleges a number of constitutional violations arising from an involuntary detention in a psychiatric hospital under the Lanterman-Petris-Short Act, Cal. Welfare & Insts. Code § 5000, *et seq*. (the LPS Act). Doe's claims against the state of California and the California Attorney General were dismissed with prejudice, and his claims against Sonoma County and three Sonoma County employees were dismissed with leave to amend. *See* Dkt. No. 67. Doe filed a first amended complaint (FAC) asserting claims against the individual County defendants and challenging the constitutionality of the certification procedures under the LPS Act. Dkt. No. 68. The claims were dismissed with prejudice because the FAC did not add facts to plausibly show that the County defendants acted pursuant to a pattern, practice, or policy sufficient to state a claim for municipal liability under 42 U.S.C. § 1983. Dkt. No. 75.

Doe appealed, and the Ninth Circuit affirmed in part, vacated in part, and remanded. Dkt. No. 87. The circuit court found that the claims against the California state defendants were properly dismissed. *Id.* at 2. The claims against the County defendants were remanded for the Court to "consider in the first instance whether Doe alleged facts sufficient to state a plausible claim against these defendants in their individual capacities." *Id.* at 2-3. The Court was also

asked to consider Doe's constitutional challenge to the LPS Act's certification procedures, "and the proper defendants for such claim in the first instance." *Id.* at 3.

The individual County defendants, Steve MacDonald, Dr. Lisa Walker, and Danielle Santos, filed a renewed motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 93. The motion is granted, and the FAC is dismissed with leave to amend.

## LEGAL STANDARDS

The Court previously discussed the standards that govern the pleading requirements of Rule 8(a) and Rule 12(b)(6), and the liberal construction afforded to pro se pleadings. *See* Dkt. No. 67 at 3. That discussion is incorporated here.

To state a claim under 42 U.S.C. § 1983, "a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Wood v. Ostrander*, 851 F.2d 1212, 1214 (9th Cir. 1988); *see also Doe v. Sempervirens Mental Health Facility*, No. 14-cv-00816-JD, 2015 WL 4238242, at *3 (N.D. Cal. July 13, 2015), *aff'd*, 697 F. App'x 515 (9th Cir. 2017) (unpublished).

The County defendants say that they are entitled to qualified immunity, which is a shield to individual liability under § 1983. *See* Dkt. No. 93 at 11-13; *Cmty. House, Inc. v. City of Boise, Idaho*, 623 F.3d 945, 964 (9th Cir. 2010). Qualified immunity is "an immunity from suit," *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation omitted), and it cloaks public officials from liability unless "(1) the facts adduced constitute the violation of a constitutional right; and (2) the constitutional right was clearly established at the time of the alleged violation." *Mitchell v. Washington*, 818 F.3d 436, 443 (9th Cir. 2016). "The first prong 'calls for a factual inquiry' while the second is 'solely a question of law for the judge.'" *Shen v. Albany Unified Sch. Dist.*, 436 F. Supp. 3d 1305, 1309 (N.D. Cal. 2020) (quoting *Dunn v. Castro*, 621 F.3d 1196, 1199 (9th Cir. 2010)). "[B]oth prongs must be satisfied for a plaintiff to overcome a qualified immunity defense," and they need not be considered in any particular order. *Id.* (quoting *Shafer v. Cty. of Santa Barbara*, 868 F.3d 1110, 1115 (9th Cir. 2017)); *see also Prebilich v. City of Cotati*, No. 3:21-cv-02380-JD, 2021 WL 5964597, at *2 (N.D. Cal. Dec. 16, 2021).

2

"The linchpin of qualified immunity is the reasonableness of the officer's conduct." *Rosenbaum v. Washoe Cty.*, 663 F.3d 1071, 1075 (9th Cir. 2011) (citing *Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987)). "Qualified immunity does not demand absolute perfection from officers in the performance of their duties. So long as the challenged conduct was objectively reasonable in light of the legal rules prevailing at the time it occurred, the officer will be immune from suit." *Shen*, 436 F. Supp. 3d at 1309 (citing *Rosenbaum*, 663 F.3d at 1075-76).

## DISCUSSION

### I. SECTION 1983 CLAIMS

The FAC does not plausibly allege the deprivation of a constitutional right. Doe's main theory appears to be that the County defendants subjected him to "unlawful detention," "deprivation of liberty," and "false imprisonment" in violation of the Fourth Amendment by placing him under involuntary psychiatric holds under Cal. Welfare & Insts. Code §§ 5150 and 5250 without probable cause. Dkt. No. 68 ¶¶ 8-12, 14. Doe certainly has a constitutional right to be free from detention without probable cause. *See Bias v. Moynihan*, 508 F.3d 1212, 1220 (9th Cir. 2007). The problem is that he has not plausibly alleged a lack of probable cause.

Under Cal. Welfare & Insts. Code § 5150, probable cause exists "if facts are known to the officer 'that would lead a person of ordinary care and prudence to believe, or to entertain a strong suspicion, that the person detained is mentally disordered and is a danger to himself or herself.'" *Id.* (quoting *People v. Triplett*, 144 Cal. App. 3d 283, 288 (1983)). Probable cause must be based on "'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the officer's] belief or suspicion.'" *Id.* (quoting *Triplett*, 144 Cal. App. 3d at 288). "'Each case must be decided on the facts and circumstances presented to the officer at the time of the detention and the officer is justified in taking into account the past conduct, character, and reputation of the detainee.'" *Id.* (quoting *Triplett*, 144 Cal. App. 3d at 288). "[P]robable cause means 'fair probability,' not certainty or even a preponderance of the evidence." *United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006) (citation omitted).

The FAC does not plausibly allege a lack of probable cause. To the contrary, it indicates that the challenged conduct by the County defendants was informed by reports that Doe "was a

3

paranoid schizophrenic," and had threatened to commit "suicide by cop" approximately two months earlier. Dkt. No. 68 ¶¶ 2, 4, 8-12. Doe says that the report of his prior suicide threat cannot support probable cause because it is stale hearsay. Dkt. No. 94 at 2-3. But two months hardly make the threat stale, and a probable cause determination is not bound by a strict application of the rules of courtroom evidence. *See Peterson v. California*, 604 F.3d 1166, 1171 n.4 (9th Cir. 2010). Defendants were perfectly free to consider Doe's "past conduct, character, and reputation." *Bias,* 508 F.3d at 1220 (internal quotation omitted).

The FAC hints that the County defendants may have violated Doe's Fourteenth Amendment due process rights, but it is unclear whether that may be a procedural or substantive right, or both. *See* Dkt. No. 68 ¶¶ 8-12, Prayer for Relief ¶ 2. Doe may not allege that he suffered a procedural due process injury because he did not receive a hearing or other review prior to or during his 72-hour detention. *See Doe v. Gallinot*, 657 F.2d 1017, 1022 (9th Cir. 1981) ("The initial 72 hours of detention [under section 5150] is justified as an emergency treatment. It is recognized that a probable cause hearing cannot be arranged immediately."); *see also Walsh v. AMD Sacramento*, No. 2:13-cv-2077 MCE KJN, 2014 WL 4472752, at *10 (E.D. Cal. Sept. 11, 2014), *aff'd sub. nom. Walsh v. Am. Med. Response*, 684 F. App'x 610 (9th Cir. 2017) (unpublished).

The FAC does not make allegations of unsafe conditions of confinement, unreasonable restraints, or inadequate mental health treatment that might support a substantive due process claim against the County defendants. *See Youngberg v. Romeo*, 457 U.S. 307, 315-16, 324 (1982) (confined persons have protected liberty interests in "safe conditions" and "reasonably nonrestrictive confinement conditions"); *Sharp v. Weston*, 233 F.3d 1166, 1172 (9th Cir. 2000) (due process "requires states to provide civilly-committed persons with access to mental health treatment that gives them a realistic opportunity to be cured and released").

For the negligence claim against Santos, "'mere negligence or lack of due care by state officials does not trigger the protections of the Fourteenth Amendment and therefore does not state a claim under § 1983.'" *Sempervirens*, 2015 WL 4238242, at *3 (quoting *Wood*, 851 F.3d at 1214). The fact that Santos admitted Doe for inpatient treatment, particularly after he agreed to

4

1    remain at the facility, does not plausibly establish the gross negligence, recklessness, or

2    "deliberate indifference" that have been found to support a § 1983 claim. *See* Dkt. No. 68 ¶ 12;

3    *Sempervirens*, 2015 WL 4238242, at *3 (citing *Wood*, 851 F.3d at 1214).

4        An ostensible Second Amendment claim against MacDonald is also not plausibly alleged.

5    The FAC does not state facts indicating that MacDonald played a role in "the seizure of Plaintiff's

6    personal property, a collection of firearms, by Sonoma County Sheriff's Office Deputies for

7    safekeeping during the pendency of the psychiatric hold." *See* Dkt. No. 68 ¶ 9.

8        Overall, nothing in the FAC or in Doe's opposition brief suggests that the actions of the

9    County defendants were objectively unreasonable in any way. Even so, in light of Doe's pro se

10   status, a final opportunity to amend is granted. The claims in the FAC are not sufficiently

11   developed to permit a qualified immunity analysis, and so consideration of immunity is deferred

12   pending the filing of a second amended complaint. *See Groten v. California*, 251 F.3d 844, 851

13   (9th Cir. 2001); *Prebilich*, 2021 WL 5964597, at *3.

## II.   THE LPS ACT

15       The FAC's sixth cause of action alleges that commitment to a psychiatric hospital under

16   the LPS Act "is tantamount to a judicial commitment requiring due process protections under the

17   Fourteenth Amendment." Dkt. No. 68 ¶ 15. Doe says that the commitment certification and

18   review processes of the LPS Act lack due process protections, and that requiring patients to

19   affirmatively seek a writ of habeas corpus to trigger assistance of counsel and judicial review

20   violates due process. *Id.* ¶¶ 15-24. He also says the LPS Act is unconstitutional because it

21   stigmatizes patients with mental illnesses, restricts their ability to possess firearms, and diminishes

22   their credibility under federal and state evidence law. *Id.* ¶¶ 28-30. Doe appears to seek

23   injunctive or declaratory relief for these alleged violations. *See id.* Prayer for Relief ¶¶ 3-4.

24       A threshold problem is that Doe has not named a proper defendant for these claims. State

25   officials may be sued for the purpose of enjoining the enforcement of an unconstitutional state

26   statute. *See Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th

27   Cir. 2013) (citing *Ex Parte Young*, 209 U.S. 123 (1908)). But an individual state official "must

28   have some connection with the enforcement of the act." *Id.* (internal quotation omitted). This

connection "must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *Id.* (internal quotation omitted).

The FAC does not identify a state defendant who satisfies these requirements for the LPS Act claim. The County defendants are not state officials and consequently are not proper defendants for that. Even with the liberal construction afforded to pro se pleadings, the Court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The sixth cause of action is dismissed with leave to amend.

## III. STATE LAW CLAIMS

Because the federal claims have been dismissed, the Court declines to exercise supplemental jurisdiction over any California state law claims that Doe asserts in the FAC. *See Prebilich*, 2021 WL 5964597, at *3.

## CONCLUSION

The FAC is dismissed with leave to amend. Doe may file an amended complaint that is consistent with this order by February 15, 2023, and he may not add any new claims without the Court's permission. A failure to comply with this order will result in dismissal with prejudice under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 25, 2023

JAMES DONATO
United States District Judge