UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN JONES DOE,

    Plaintiff,

v.

LISA WALKER, et al.,

    Defendants.

Case No. 16-cv-05195-JD

**ORDER RE MOTION TO DISMISS**

Pro se plaintiff John Doe alleges that his constitutional rights were violated when he was placed in an involuntary detention in a psychiatric hospital pursuant to the Lanterman-Petris-Short Act, Cal. Welfare & Inst. Code § 5000, *et seq.* (the LPS Act). Doe's first amended complaint (FAC) was dismissed with leave to amend. Dkt. No. 97. Doe was advised that a failure to file an amended complaint by February 15, 2023, would result in a dismissal with prejudice. *Id.* at 6. On February 23, 2023, Doe filed a second amended complaint (SAC) with little in the way of changes. Dkt. No. 98.

The County defendants asked to dismiss the SAC under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 99. The parties' familiarity with the record is assumed, and the SAC is dismissed with leave to amend.

**DISCUSSION**

The Court previously discussed the well-established standards that govern a motion to dismiss under Rule 12(b)(6) and the liberal construction afforded to pro se pleadings. *See* Dkt. No. 67 at 3. The Court also described the standards that apply to Doe's claims under 42 U.S.C. § 1983. Dkt. No. 97 at 2-3. Those discussions are incorporated here.

1    The FAC did not plausibly allege a constitutional violation because it did not include
2    enough facts to "suggest[] that the actions of the County defendants were objectively unreasonable
3    in any way." Dkt. No. 97 at 5. The SAC, and Doe's opposition to the motion to dismiss, do not
4    add any factual allegations to alter that analysis. *See generally* Dkt. Nos. 98, 100. Doe has had
5    ample opportunity to allege a plausible claim against the County defendants in their official and
6    individual capacities, and nothing in the record indicates that further amendment would be
7    productive. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A district
8    court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously
9    amended.") (citation omitted). Consequently, the claims against the County defendants are
10   dismissed with prejudice.

11   Doe's challenge to the constitutionality of the LPS Act was dismissed with leave to amend
12   because Doe did not name any defendant for the claim. Dkt. No. 97 at 5. The SAC appears to add
13   the California Attorney General and the Director of the California Department of Public Health as
14   defendants. Dkt. No. 98 at ECF p. 8. As the Court previously stated, state officials may be sued
15   to prevent the enforcement of an unconstitutional statute, but an individual state official "'must
16   have some connection with the enforcement of the act.'" Dkt. No. 97 at 5 (quoting *Ass'n des*
17   *Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013)). The
18   problem for Doe is that the SAC is devoid of allegations to suggest that the Attorney General or
19   the Director of the Department of Public Health has a direct connection to the challenged
20   provisions of the LPS Act. *See Canards*, 729 F.3d at 943.

21   The Court would be within its discretion to dismiss this claim with prejudice because Doe
22   has been previously advised of the requirements to identify a proper defendant. *See* Dkt. No. 67 at
23   3 (finding that Doe failed to "allege any facts showing that the Attorney General or any other state
24   actor was meaningfully connected to the claims and events alleged in the complaint"); *see also*
25   Dkt. No. 97 at 5-6. Even so, because Doe is a pro se litigant, and because this is the first time that
26   Doe has named the Director of the Department of Public Health as a defendant, he will be afforded
27   a final opportunity to amend the sixth cause of action challenging the constitutionality of the LPS
28   Act. If Doe chooses to amend, he should include factual allegations of a connection that is "fairly

direct" between the state officials and the challenged provisions because "a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *Canards*, 729 F.3d at 943 (internal quotations omitted).

## CONCLUSION

The SAC is dismissed. The claims against the County defendants are dismissed with prejudice, and the sixth cause of action challenging the LPS Act as unconstitutional is dismissed with leave to amend. Because the federal claims have been dismissed, the Court declines to exercise supplemental jurisdiction over any California state law claims asserted in the SAC. *See* 18 U.S.C. § 1376(c); *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013); *Prebilich v. City of Cotati*, No. 3:21-cv-02380-JD, 2021 WL 5964597, at *3 (N.D. Cal. Dec. 16, 2021).

Doe may file an amended complaint by August 17, 2023. This will likely be the final opportunity to amend. A failure to comply with this order will result in dismissal with prejudice under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 27, 2023

JAMES DONATO
United States District Judge