UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>  v.<br><br>ROB BONTA, et al.,<br><br>    Defendants. | Case No. 16-cv-05195-JD<br><br>**FOURTH ORDER RE DISMISSAL** |

   The Court has dismissed three prior complaints by pro se plaintiff John Doe, who is proceeding under a pseudonym, with respect to the involuntary mental health treatment provisions in Section 5250 of the Lanterman-Petris-Short Act (LPS Act), Cal. Welf. & Inst. Code § 5250. Dkt. Nos. 67, 97, and 103.  This order addresses a motion to dismiss the third amended complaint (TAC) brought by defendants Rob Bonta and Tomas J. Aragon, M.D., who are sued in their official capacities as Attorney General of the State of California and Director of the California Department of Public Health.  Dkt. No. 104 (TAC); Dkt. No. 109 (motion).  The parties' familiarity with the record is assumed.  The TAC is dismissed.

   The Court has reviewed the TAC with the liberality afforded pro se litigants such as Doe. *See Brown v. Am. Gen. Life Ins. Co.*, No. 22-cv-02465-JD, 2023 WL 8852743, at *1 (N.D. Cal. Dec. 21, 2023).  Even so, it is not entirely clear what Doe is challenging in the TAC with respect to Section 5250.  A fair reading is that Doe contends that Section 5250 violates due process because the certification review hearings are not held before a judicial officer, there is no right to an attorney, the rules of evidence do not apply, the standard of proof is too low, and the like.  *See*, *e.g.*, Dkt. No. 104 ¶¶ 8, 20. The TAC also discusses at some length Doe's belief that his mental health records associate him "with a mental health rap sheet" that lasts "forever," and that he has

been denied firearm possession or ownership under federal law as a result. *Id*. ¶¶ 6; 12. Doe's main request for relief is for "injunctive and declaratory relief holding the statute unconstitutional and preventing the state officers in charge from further enforcement of state laws." *Id*. ¶ 13.

Defendants challenge the TAC under Federal Rule of Civil Procedure 12(b)(1) for lack of Article III standing to sue, and under Rule 12(b)(6) on the plausibility of the TAC. With respect to standing, the Court notes that recent docket filings by Doe list a residential address in Massachusetts. *See*, *e.g.*, Dkt. No. 113. Although defendants did not raise this issue, if Doe is no longer a California resident or is otherwise no longer potentially subject to the LPS Act, a question of whether he has standing to sue is certainly germane. It is also not obvious that Doe's claimed injuries are redressable by an order from this Court against the named defendants. *See*, *e.g.,* *Mayfield v. United States*, 599 F.3d 964, 972 (9th Cir. 2010). Even so, it is clear that Doe has been personally treated under the procedures in Section 5250 in California. Rather than prolonging this case to explore nuanced questions of standing, the most efficient course is to address the lack of a plausible claim in the TAC, particularly in light of the underdeveloped argument made by defendants on standing. *See* Dkt. No. 109 at 10-11.[1]

The main problem for the TAC is that the due process concerns have already been reviewed and rejected in well-established case law. The current procedural safeguards for a Section 5250 hold were previously adjudicated and specifically mandated by our Circuit. *See Doe v. Gallinot*, 657 F.2d 1017, 1025 (9th Cir. 1981) (a Section 5250 hold requires a "probable cause" hearing before an impartial decisionmaker, but not a judicial officer). In addition, Doe's due process arguments were rejected by the Supreme Court in analogous circumstances. *See Washington v. Harper*, 494 U.S. 210, 235 (1990) (due process does not require a judicial determination, assistance of counsel, adherence to rules of evidence, or a clear and convincing evidence standard for the involuntary administration of psychiatric medication); *People v. Sweeney*, 175 Cal. App. 4th 210, 221 (2009) (confrontation clause of Sixth Amendment, which

---

[1] Defendants did not file a substantive reply brief because they believed Doe's opposition was untimely and so could be disregarded. Dkt. No. 112. Given Doe's pro se status, the Court has taken his opposition brief, Dkt. No. 113, into account.

1 applies in criminal prosecutions, did not bar admission of hearsay statements in civil commitment
2 proceeding).

3 These precedential decisions foreclose the claims in the TAC.  For the firearms issue, none
4 of the defendants have any control over federal firearm possession regulations, and none of the
5 claims in the TAC might conceivably be relevant to the regulations.  Consequently, the TAC is
6 dismissed.

7 At this stage of the case, after Doe has been afforded an appeal and multiple opportunities
8 to allege a plausible claim, it is clear that the deficiencies in the TAC cannot be cured by
9 amendment.  Dismissal is with prejudice, and the case will be closed.  *See Lopez v. Smith*, 203
10 F.3d 1122, 1130 (9th Cir. 2000).

11 **IT IS SO ORDERED.**

12 Dated:  July 11, 2024

JAMES DONATO
United States District Judge